### * SOPHIA JENNERT, TRUSTEE, v. ELIZA HOUSER ET AL.

POWER TO DISPOSE OF PROPERTY TO HEIRS.

The provisions of a will devising realty to a devisee, he to divide the fee-simple among the heirs of his body, by deed or will, as to him shall deem best, do not empower such devisee to will the property to one of his heirs to hold for three years and then distribute among certain parties, named in proportions as stated in the will.

ON APPEAL to the Court of Common Pleas of Hamilton county.

The question decided in this case arose on a demurrer to the answer and cross-petition of three of the heirs, claiming that the provisions. of the will of Frederick Arleth were not a proper execution of the powers conferred upon him by the will of his wife. The facts appear in the opinion of the court.

SWING, J.

The question involved in this case is whether Frederick Arleth, by his will, made such a disposition of the property left him by the will of his wife Louise Arleth, as by said will he was authorized to do.

Louise Arleth, by her will, says, "And as-to the fee simple or absolute title thereof, it is my will, and I do direct and require him (Frederick Arleth) by deed or will to convey, give or demise the same to and among the heirs of his body, * * * in such parts and proportions, and by such title as he may deem best."

By the fourth item of the will Frederick Arleth gave to his daughter Eliza Arleth, her successors, heirs and assigns, the balance of the estate left him by his wife, in trust, to hold for five years after his death, with power to rent, lease, repair and dispose of in any manner, and for any price and upon any terms, without bond, as she or her successor might see fit, and at the expiration of said term of years to divide and distribute among certain designated persons, in certain sums as he has pointed out.

In doing this, we think he did not act in accordance with the power given him under the will of Louise Arleth. He was required by deed or will to dispose of the fee simple or absolute title among certain persons. This he has not done. The fee simple, or absolute title, he has given to a trustee, with power by deed to dispose of the property, and the proceeds she is to dispose of as he directs; in other words, he has clearly delegated to another, to do that which he only was authorized to do. This he could not do, and what he has attempted to do by item four of his will is, we think void.

The petition of the plaintiff asks for an order of the court to sell the real estate that passed by said item four. This the court can not grant, and the same will therefore be dismissed.

This decision in no wise conflicts with the former decision of this court, wherein this court held that it had no power, in a suit in equity brought for that purpose, to declare this will void, the parties not being in possession.

Kramer & Kramer, and Lowry Jackson, for plaintiff in error.

Jordan & Jordans, and J. W. O'Hara, for defendants in error.

* This case was dismissed by the supreme court for want of preparation, March 12, 1895.
2 Ohio Legal News, 337.